Shawn Lindsay, OSB #020695
JurisLaw, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OREGON RIGHT TO LIFE**, <br> Plaintiff, <br> v. <br> **OREGON DEPARTMENT OF CONSUMER AND BUSINESS SERVICES** and **ANDREW R. STOLFI**, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner, <br> Defendants. | Case No.: **6:23-cv-1282** <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**[1] |

# Introduction

Defendants ignore two key analytical points that readily refute most of their argument and

provide necessary context for addressing their argument further below, i.e.,

(1) controlling Free Exercise Clause law *recently* changed in ORTL's favor and

(2) a straightforward fact pattern like the present one *recently* led to relief from a similar

---

[1] Oregon Right to Life ("**ORTL**") moved to consolidate the preliminary-injunction and merits hearings under FRCP 65(a)(2). ECF #13 ("**Consolidation Motion**"/"**Cons. Mot.**"). Defendants opposed consolidation. ECF #20 ("**Response**"/"**Resp.**"). ORTL replies.

**Page 1 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

abortion-insurance mandate in two federal courts, one by an *agreed* judgment. These were addressed in ORTL's preliminary-injunction memo (ECF #11; "**PI Motion**"/"**PI Mot.**"), consideration of which is essential to deciding whether to consolidate the *preliminary-injunction* and merits hearings in this *particular* case. Defendants' omission of these key analytical points, discussed next, implicitly concedes that these points refute most of their argument.

First, Defendants ignore the *recent* changes in controlling free-exercise law favoring ORTL. Those *recent* changes refute Defendants' argument that consolidation should be denied because Oregon's Mandate "was passed in 2017," Resp. 2, "has been in effect since early 2019," *id.*, and "Plaintiff . . . waited more than four and a half years" to seek a preliminary injunction, *id.* at 8. In 2017 and 2019, free-exercise analysis in the Ninth Circuit was controlled by cases such as *Stormans v. Wiesman*, 794 F.3d 1064 (9th Cir. 2015), where pharmacists with "religious objections to delivering emergency contraceptives," *id.* at 1071, sought Free Exercise Clause relief. The Ninth Circuit found the law neutral and generally applicable and so upheld it under rational-basis scrutiny. *Id.* at 1075-1085. Given this and similar controlling Ninth Circuit analysis in 2017 and 2019, Defendants are wrong to fault ORTL for not undertaking the immense cost of litigation likely to fail in the Ninth Circuit in hope that the Supreme Court would grant certiorari and overturn controlling *Employment Division v. Smith*, 494 U.S. 872 (1990), at a time when there was no indication of majority support there for overturning *Smith*.

During that time, ORTL *did* do what was feasible. In 2017, it actively opposed the legislation imposing the abortion-insurance-coverage Mandate in § 2 of Enrolled House Bill 3391 ("**HB 3391**"/"**Bill**"), seeking an applicable exemption to accommodate its beliefs. Ver. Compl. ¶¶ 50-51 (ECF #1). Failing that, in 2019, ORTL sought an exemption from Defendant Oregon Depart-

ment of Consume and Business Services ("**DCBS**"), as DCBS well knows. As verified:

> ORTL did seek an exemption under Bill § 2(10), authorizing exemptions if the Mandate might 'adversely affect the allocation of federal funds.' ORTL did so under the Weldon Amendment (a federal-funds conscience provision), based on now-defunct Trump administration interpretations of its provisions. The exemption wasn't granted, but DCBS thus became fully aware of ORTL's conscience objections to the Mandate and offered ORTL no options.

Ver. Compl. ¶ 48. Failing that, in 2020, ORTL filed a complaint with the U.S. Office for Civil Rights seeking relief from Oregon's Mandate. *See* https://www.ortl.org/2020/01/ortl-civil-rights-complaint/. But ORTL got no relief, and unfavorable circuit law yet controlled.

But in *mid-2021*, things changed with *Fulton v. City of Philadelphia, Pennsylvania*, 141 S.Ct. 1868 (2021), which clarified free-exercise analysis. *Fulton* effectively abrogated key parts of Ninth Circuit free-exercise analysis, making feasible free-exercise challenges not feasible before. *See* PI Mot. 19-21 (discussing *Stormans*'s analysis and why it no longer controls). The Ninth Circuit in *Fellowship of Christian Athletes v. San Jose Unified School Dist. Bd. Ed.*, No. 22-15827, 2023 WL 5946036 (9th Cir. Sept. 13, 2023) (en banc) ("**FCA**"), expressly recognized that key parts of its analysis under *Smith* were abrogated by *Fulton*.[2] For example, *Fulton* "refin[ed] what it means to be 'generally applicable' under *Smith*," *id.*, at *15, "clearly reject[ing the Ninth Circuit's] 'targeting' requirement for demonstrating a Free Exercise violation," *id*. FCA expressly overruled precedent requiring plaintiffs to prove "targeting" (a "purpose" requirement). *Id.* FCA expressly distinguished "an *exceptionless* policy" from one allowing exception discretion in the Free Exercise Clause analysis, *id.* (emphasis in original), emphasizing again that to be generally applicable a provision must apply "without exception" and "'across-the-board,'" and not be

---

[2] *FCA* was filed September 13, 2023, but Defendants ignore it in their September 26 Response, though it establishes the recent free-exercise-law change wrought by *Fulton*, the necessary change in Ninth Circuit free-exercise analysis, and the timeliness of ORTL's Complaint.

**Page 3 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

"replete with exemptions," *id.*, at *22 (citation omitted). And *FCA* recognized that "unfettered discretion" was not required to make a law non-general because "*Fulton* counsels that the mere existence of a discretionary mechanism to grant exemptions can be sufficient to render a policy not generally applicable regardless of the actual exercise." *Id.*, at *17. So *Fulton* changed free-exercise law in ways that favor ORTL, e.g., by not requiring ORTL to prove targeting of ORTL with a purpose to deprive it of free-exercise rights or to prove unfettered discretion. But that happened only in mid-2021. The Ninth Circuit only acknowledged it, in *FCA*, in September 2023.

Also in *2023*, two federal district courts in the Ninth Circuit applied *Fulton*'s clarified free-exercise analysis to provide declaratory and injunctive relief for churches objecting to California's abortion-coverage mandate for employee health benefit plans, similar to Oregon's Mandate. The most recent relief was an *agreed* judgment on May 11, 2023. *See* PI Mem. 4 & n. 5.

Based on the analytical sea-change in *Fulton*, decided in mid-2021, and on the success of the 2023 California church cases, ORTL sought like relief on September 5, 2023. That is no delay.

The foregoing establishes that (i) ORTL timely sought relief, (ii) Defendants' contrary arguments ignore the recent changes in controlling law (along with ORTL's earlier efforts under then-available options) and so should be disregarded, and (iii) the single legal issue here is a straightforward one under which other religious objectors in a similar situation have recently received relief, one in an agreed judgment. That favors consolidation.

Second, Defendants also ignore the *straightforward fact pattern* under which churches obtained declaratory and injunctive relief from California's similar abortion-coverage mandate in two federal courts. *See* PI Mem. 4 & n. 5. That straightforward fact pattern is that (i) the govern-

Page 4 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS

ment mandates abortion coverage in health benefit plans[3]; (ii) an employer with such a plan objects based on sincerely held religious beliefs[4]; (iii) the mandate has exceptions and an exemption system[5]; and (iv) covered employees have the same beliefs.[6]

That pattern exists here: (i) Oregon mandates abortion coverage in health benefit plans[7]; (ii) ORTL verified its sincerely held religious beliefs against thus facilitating abortion[8]; (iii) Oregon's Mandate has exceptions and an exemption system[9]; and (iv) ORTL verified that covered employees are required to have the same beliefs as ORTL.[10] Based on that limited, straightforward fact pattern—already established by ORTL—the Mandate can't be justified under the applicable rational-basis scrutiny, just as attempted justifications failed in *Foothill*, 623 F. Supp. 3d at 1094 ("None of these interests are sufficiently compelling, nor is the department's rigid approach narrowly tailored."). *See also* PI Mem. 21-33. So the remaining arguments are legal, not factual, in this case that seeks only declaratory and injunctive relief, Cons. Mot. 2-3, favoring consolidation.

Accordingly, this is not a case requiring extensive discovery. Defendants argue in generalities

---

[3] *See, e.g.*, *Foothill Church v. Watanabe*, 623 F. Supp. 3d 1079, 1085-87 (E.D. Cal. 2022) (granting churches summary judgment on Free Exercise Clause claim).

[4] *Id.* at 1083.

[5] *Id.* at 1093.

[6] *Id.* at 1095.

[7] Ver. Compl. ¶¶ 1-7.

[8] Ver. Compl. ¶¶ 8, 14, 19-49. These beliefs cannot be gainsaid. PI Mem. 29.

[9] PI Mem. 21-28 (including grandfathering Providence Health Plans ("**PHP**"), Ver. Compl. ¶ 3 (Bill § 2(7)), and a formal exemption mechanism to prevent losing federal funds, Ver. Compl. ¶ 83 (Bill § 2(10)).Those make the law non-general, triggering strict scrutiny. *Id.* The Mandate is also non-neutral, PI Mem. 21-24, though like *Fulton* deciding this case on non-generality is "straightforward." *Fulton*, 141 S.Ct. at 1877.

[10] Ver. Compl. ¶ 26. Based on this fact, no third-party interest was held compelling in *Foothill*, 623 F. Supp. 3d at 1095. Ver. Compl. ¶ 92. Other asserted interests failed on grounds applicable here, such as speculation or a brook-no-departure interest undercut by exception and exemptions. Ver. Compl. ¶¶ 89-91, 93-97; PI Mem. 29-33.

**Page 5 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

and identify no specific discovery or facts they believe can overcome that specific fact pattern. They deposed Lois Anderson, who verified the Verified Complaint (ECF #1), on October 3, 2023. Defendants "made no showing why [they] could not present admissible evidence" in the given time. *C.R. of Rialto v. City of Rialto*, 964 F. Supp. 1401, 1405 (C.D. Cal. 1997).

Though Defendants ignore those two key analytical points—(i) the very *recent* change in controlling law and (ii) the already-established, straightforward fact pattern that *recently* led to relief from a similar abortion-insurance mandate in two federal courts, the most recent by an *agreed* judgment—those points readily refute most of Defendants' argument.

## I.
**Consolidation at the Preliminary-Injunction Stage Is Permitted Under FRCP 65(a)(2).**

ORTL established that Federal Rule of Civil Procedure 65(a)(2) expressly *provides* for consolidating the preliminary-injunction and merits hearings at the preliminary-injunction stage. Cons. Mot. 2 (quoting FRCP 65(a)(2)). The U.S. Supreme Court expressly recognized that "[s]hould an expedited decision on the merits be appropriate, Rule 65(a)(2) of the Federal Rules of Civil Procedure provides a means of securing one." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). So consolidation at the preliminary injunction stage is both permitted and proper in appropriate cases. Appropriate cases include those where facts are limited, factual issues are unlikely to affect the decision, and any disputed evidence is readily available. Cons. Mot. 2-3.

Defendants lean heavily on the notion that Rule 65(a)(2) consolidation is *only* about expedition, which they say should be denied since ORTL delayed challenging the Mandate. Resp. 2. *See also id.* at 8 (same). But there was no delay. *Supra* Introduction. Though ORTL hasn't moved for expedition, consolidation does effectively expedite appropriate cases, but Defendants ignore that consolidation serves this Court by preserving judicial resources, avoiding needless repetition, and

promptly clearing straightforward cases from the docket. Cons. Mot. 3.

Defendants argue against the *preliminary-injunction* motion in responding to the *consolidation* motion. For example, Defendants say ORTL "seeks the 'extraordinary and drastic remedy' of a preliminary injunction . . . ." Resp. 2.[11] *See also id.* at 2 ("[a] preliminary injunction is 'an extraordinary and drastic remedy'"); *id.* at 8 (ORTL "is asking the Court to take the extra step of enjoining enforcement of a law before the challenge has been fully litigated on the merits."). Of course the PI Motion is *relevant* to the present Consolidation Motion because the issue here is whether the *preliminary-injunction* and merits hearings should be consolidated. So the preliminary-injunction motion informs the Court about the propriety of consolidation given the straightforward fact pattern and claim . Accordingly, Defendants should have argued about *specific* reasons why the straightforward fact pattern and claim established in the PI Motion don't warrant consolidation. Instead, Defendants argue generalities, e.g., not identifying what evidence they think they need in light of the verified straightforward fact pattern that sufficed in the California church cases. But Defendants' *Consolidation* Response isn't the place to argue a motion not currently at issue. In any event, preliminary injunctions are neither extraordinary nor drastic in First Amendment cases. For example, in *FCA*, a Free Exercise Clause case decided post-*Fulton*, the Ninth Circuit just "reverse[d] the district court's denial of FCA's motion for a preliminary injunction and direct[ed] the district court to enter an order [granting requested relief to re-

---

[11] The cited case, *Mazurek v. Armstrong*, 520 U.S. 968 (1997) (per curiam), granted certiorari and reversed a Ninth Circuit judgment rejecting a district court's denial of a preliminary injunction to non-physicians challenging a state law allowing only physicians to perform abortions. The court merely cited *Federal Practice and Procedure* for the proposition that "'[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant , *by a clear showing*, carries the burden of persuasion.'" *Id.* at 972 (citation omitted; emphasis by Supreme Court). So *Mazurek* emphasized the "clear showing" aspect of the quote, and merely recited what has been observed as to the rest.

**Page 7 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

store FCA to the status quo[12] before a challenged policy was put in place]." 2023 WL 5946036, at *23.

Defendants say "[c]onsolidation is *not* appropriate in the extremely early stages of a case." Resp. 2 (emphasis added). But preliminary injunctions are often sought early in a case and are especially important early in cases where First Amendment rights are violated, as here, because "'[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *FCA*, 2023 WL 5946036, at *23 (citations omitted). Consequently, those suffering violation of their First Amendment rights should be freed from that unconstitutional burden at the earliest possible opportunity by getting a preliminary injunction. The case that Defendants cite for their "*not* appropriate" claim actually says "*generally* inappropriate," *Camenisch*, 451 U.S. at 395 (emphasis added), and promptly says consolidation *is* "appropriate" in some situations under Rule 65(a)(2), *id.* In *Camenisch*, notice wasn't given, *id.*, but the issue—"whether a preliminary injunction should have been issued"—was "moot," *id.* at 398. *Camenisch*'s dictum does not support Defendants' "*not* appropriate" claim.

In sum, Defendants are wrong to say "[c]onsolidation is *not* appropriate in the extremely early stages of a case." Resp. 2 (emphasis added). ORTL was correct that "consolidation is permitted under FRCP 65(a)(2)" and appropriate where factual issues are limited and straightforward, no damages are at issue, and the issues are essentially legal. Cons. Mot. 2-3. This is such a case.

## II.
## Consolidation Should Be Granted in this Case.

As established in the Introduction (*supra*), in Part II of the Consolidation Motion, and next,

---

[12] *FCA* held that the "new policy" altered the status quo. 2023 WL 5946036, at *14. So here, the Mandate altered the status quo.

**Page 8 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

consolidation should be granted. ORTL established that consolidation serves important functions that would be furthered by granting consolidation in this case. Cons. Mot. Part II. Consolidation would further those important functions because (**A**) the facts about ORTL are verified, straightforward, and limited; (**B**) consolidation prevents needless repetition and promotes judicial efficiency; and (**C**) a decision on the merits will expedite resolution of this case. *Id.*

**A.    The facts about ORTL are verified, straightforward, and limited.**

ORTL established that (i) key, controlling facts needed for ORTL to obtain declaratory and injunctive relief are verified, straightforward, and limited, (ii) they parallel facts under which other plaintiffs got free-exercise relief, and (iii) legislative facts are straightforward and not in dispute. Cons. Mot. Part II.A. "So this case doesn't turn on factual issues but on the legal issue of whether—*given* these facts and the case law—ORTL is entitled to requested relief . . . ." *Id.*

Because Defendants essentially ignore this, ORTL has reiterated in the Introduction (*supra*) how the straightforward fact pattern sufficed for relief under the Free Exercise Clause in the *Foothill* case and suffices here, meaning that Defendants need no extensive discovery. Anyway, Defendants have now deposed ORTL's Executive Director who verified the Complaint.

Defendants don't show that this straightforward fact pattern did *not* obtain relief for the California churches in *Foothill* (which Defendants could not) or should not suffice for such relief for ORTL on the same claim. Defendants don't say *what* specific information they can show to overcome that straightforward fact pattern if consolidation is denied. Instead, Defendants say: "Plaintiff asserts that the *only* relevant adjudicative facts are those contained in Plaintiff's own complaint. Plaintiff's assertions are premature." Resp. 2 (emphasis in original). But ORTL said its verified facts fit the straightforward fact pattern under which relief had been obtained by others.

**Page 9 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

It was up to *Defendants* to show what other facts, if any, would alter that straightforward fact pattern so that ORTL shouldn't get the same relief others got. Arguing "premature" doesn't do that. Nor does arguing "premature" satisfy Defendants' need to show that they can't obtain whatever evidence they think they need before a preliminary-injunction hearing.

Though Defendants basically ignore what ORTL argued in Part II.A of the Consolidation Motion, they make other arguments. Some of those are addressed here next.

Defendants say, "Consolidating this case at this early stage, before Defendants have had an opportunity to conduct discovery or fully analyze Plaintiff's claims, would *risk* severe prejudice to Defendants' ability to fully and vigorously defend the challenged statute." Resp. 2 (emphasis added). Defendants return to this theme at the end of their Response: "Granting Plaintiff's requested consolidation, at this extremely early stage, would *risk* severe prejudice to Defendants' ability to fully defend the challenged law." Resp. 8 (emphasis added). But Defendants' "risk" recitation is not accompanied by evidence establishing prejudice, Defendants saying only that they will be "severely disadvantaged" without "opportunity to investigate the facts, evaluate Plaintiff's arguments, and prepare a defense . . . ." *Id.* But that is all generalities when specifics are required. Defendants make no effort to show why the *straightforward fact pattern* under which churches obtained declaratory and injunctive relief from California's similar abortion-coverage mandate in two federal courts should be inadequate here. *See supra* Introduction. Regarding evaluating Plaintiff's arguments and preparing a defense, the legal analysis is also straightforward, as ORTL has established in the Preliminary Injunction Motion. Defendants doubtless have reviewed that and will have briefed it by the time of a preliminary-injunction hearing. As the Court can readily judge from reviewing the preliminary-injunction briefing, this is not a case requiring

Page 10 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS

extended time for Defendants to learn the controlling law that recently led two federal courts to grant similar relief in a similar situation based on the same straightforward fact pattern—one court granting relief on the basis of an *agreed* judgment. Defendants have not established that consolidation would cause them any "severe prejudice."

Defendants say "[a] decision *not* to consolidate is not subject to reversal." Resp. 4 (emphasis in original). Of course that is inherent in the fact that consolidation is discretionary. But Defendants' recitation of "reversible abuse of discretion" again on the same page, Resp. 4, seems to be emphasizing the "reversal" theme beyond its possible relevance here. The consolidation question is whether *this* case on this straightforward fact pattern and this legal analysis fits the consolidation criteria. Again, as this Court can readily determine from the preliminary-injunction briefing and the present consolidation briefing, it does. Moreover, Defendants have deposed ORTL's Executive Director, who verified the Complaint, so they have had discovery, and they haven't identified what other discovery they would need in a case like this based on the straightforward fact pattern. Granting consolidation on a straightforward fact pattern and legal analysis that gained relief for Foothill and other California churches would be no reversible abuse of discretion.

Defendants recite various courts that didn't consolidate or only did so at a later point in the case. *See, e.g.*, Resp. 3-6. But the decision to consolidate is based on a *particular* case, so recitals of what happened in other cases says nothing to the propriety of consolidation in *this* case, given its unique, straightforward fact pattern and legal analysis. Nowhere do Defendants establish that in a case like *this* consolidation was held to be reversible error. Accordingly, ORTL doesn't address each case, noting only that none is *this* case, and only this particular case matters at present.

In sum, Defendants have not refuted what ORTL established in Part II.A of the Consolidation

**Page 11 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

Motion, i.e., that (i) key, controlling facts needed for ORTL to obtain declaratory and injunctive relief are verified, straightforward, and limited, (ii) they parallel facts under which other plaintiffs got free-exercise relief, and (iii) legislative facts are straightforward and not in dispute. So this case turns on the legal issue of whether—*given* these facts and the case law—ORTL is entitled to requested relief. Consolidation is thus warranted.

**B. Consolidation prevents needless repetition and promotes judicial efficiency.**

ORTL established that consolidation here will advance the important functions of avoiding needless repetition and promoting judicial efficiency. Cons. Mot. Part II.B. The evidence used for the preliminary injunction is the same that will be used in deciding the merits. *Id.* at 4. And since likely merits success is the key preliminary-injunction factor, especially in First Amendment cases, once the Court decides likely merits success it will have essentially resolved the free-exercise issue on the merits, making consolidation efficient. *Id.* at 4-5. And all of the facts necessary to determine the merits will be before the Court at the preliminary-injunction hearing, especially given the straightforward fact pattern. So consolidation serves this important function.

Defendants dispute whether all necessary facts for determining the merits will be before the Court at the preliminary injunction hearing. Resp. 2. But as has already established, *supra* Introduction, the straightforward fact pattern that ORTL fits and Defendants nowhere counter was sufficient for California churches to get free-exercise relief from two federal courts—the most recent by an agreed judgment. So those facts suffice for a similar merits ruling for ORTL.

Defendants say that Plaintiff's arguments about avoiding "needless repetition" "reflect a situation of Plaintiff's own making." Resp. 8. That is because, say Defendants, "[i]t is Plaintiff who is asking the Court to take the *extra step* of [a preliminarily injunction]," *id.* (emphasis added), and

"[i]t is Plaintiff who has waited more than four and half years to seek that swift and extraordinary relief . . . ," *id.* Regarding the four-and-a-half-years argument, ORTL has established in the Introduction, *supra*, that there has been no delay. As ORTL indicated in the Introduction, the two analytical points that Defendants ignore refute most of their argument. *Supra* at 1. Regarding Defendants' situation-of-your-own-making, extra-step argument, the notion that in a federal constitutional case, where First Amendment rights are clearly being burdened under recent controlling precedents, consolidation should be denied because ORTL seeks a preliminary injunction is, to say the least, a remarkable argument for government officials to make. It flies in the face of the Ninth Circuit's recent reaffirmation that "'[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *FCA*, 2023 WL 5946036, at *23 (citations omitted). Defendants want ORTL to be punished by the denial of consolidation for seeking preliminary-injunction relief from that ongoing, irreparable injury. Defendants cite no authority for such an argument, nor would such exist because the argument flies in the face of the First Amendment.

In sum, Defendants have not refuted what ORTL established in Part II.B. of the Consolidation Motion: consolidation here prevents needless repetition and promotes judicial efficiency.

### C. A decision on the merits will expedite resolution of this case.

ORTL established that consolidation will also provide for an expeditious resolution of this case, thereby conserving judicial resources, noting that there is a single constitutional question and its resolution will decide this case. Cons. Mot. Part II.C.

While expeditious resolution is part of *conserving judicial resources*, and so a valuable service *to courts*, Defendants try to twist this into ORTL "seek[ing] an expedited trial on the merits

**Page 13 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**

in the form of a consolidated preliminary injunction hearing," Resp. 2, after failing to challenge the Mandate in 2017 or 2019, *id.* But as established in the Introduction, *supra*, there was no delay. Nor has ORTL moved for expedition, but rather consolidation. And consolidation would preserve judicial resources by expediting resolution of this case.

Defendants also apply their "situation of Plaintiff's own making" argument to ORTL's showing that consolidation would provide the Court the benefit of "expeditious resolution." Resp. 8. As with Defendants' situation-of-your-own-making, extra-step argument, *supra* Part II.B, there was no delay, and when First Amendment rights are burdened, one seeking to lift that burden as soon as possible by a preliminary injunction should not be denied consolidation as a result.

In sum, consolidation here would provide the Court the valuable benefit of preserving judicial resources by expediting resolution of this case. Defendants have not shown otherwise.

## Conclusion

For the reasons shown here and in the Consolidation Motion, consolidation should be granted.

Dated: October 6, 2023

James Bopp, Jr., IN Bar #2838-84*
  jboppjr@aol.com
Richard E. Coleson, IN Bar #11527-70**
  rcoleson@bopplaw.com
Joseph D. Maughon, VA Bar #87799**
  jmaughon@bopplaw.com
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
812.232.2434 telephone
812.235.3685 facsimile
*pro hac vice application pending
**admitted pro hac vice
*Counsel for Plaintiff*

Respectfully submitted,

/s/ Shawn Lindsay
Shawn Lindsay, OSB #020695
JURISLAW, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

**Page 14 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE THE TRIAL ON THE MERITS**