ELLEN F. ROSENBLUM
Attorney General
BRIAN SIMMONDS MARSHALL  #196129
Senior Assistant Attorney General
ALEX C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Brian.S.Marshall@doj.state.or.us
           Alex.C.Jones@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON RIGHT TO LIFE,<br><br>  Plaintiff,<br><br>     v.<br><br>OREGON DEPARTMENT OF CONSUMER AND BUSINESS SERVICES and ANDREW R. STOLFI, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner,<br><br>  Defendants. | Case No.  6:23-cv-01282-MK<br><br>DEFENDANT'S MOTION TO DISMISS |

Page 1 -   DEFENDANT'S MOTION TO DISMISS
      BM2/jt3/910428377

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## MOTION

Defendant Andrew R. Stolfi, in his official capacities as DCBS Director and Oregon Insurance Commissioner, moves to dismiss under 12(b)(6) for failure to state a claim.[1] This motion is supported by the following Memorandum of Law and the papers filed in this case, in particular the Defendant's Response to the Motion for a Preliminary Injunction (ECF #27).

## MEMORANDUM OF LAW

Plaintiff Oregon Right to Life asserts a single claim arguing that the insurance coverage mandate of Section 2 of the Reproductive Health Equity Act (RHEA), ORS 743A.067, violates the Free Exercise Clause. That claim fails as a matter of law for the reasons argued in Section IV.B.2 of the Defendants' Response to the Motion for a Preliminary Injunction (ECF #27): namely, that RHEA is a neutral law of general applicability that survives rational basis review.

On a motion to dismiss for failure to state a claim, courts presume the truth of allegations in the complaint and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(b)(6); *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

On a free exercise claim, if the law "at issue [is] neutral and generally applicable," a court reviews the law "for a rational basis." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1084 (9th Cir. 2015). RHEA is neutral because it aims to provide access to reproductive health care. ORTL's allegations do not show this is a case where the law by its "own terms target[s] religious exercise" and the legislative history "discloses animosity" toward a religion. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 542 (1993).

---

[1] Plaintiff voluntarily dismissed the other defendant, Oregon Department of Consumer and Business Services ("DCBS"). *See* ECF #26.

Page 2 -    DEFENDANT'S MOTION TO DISMISS
BM2/jt3/910428377

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

RHEA is also generally applicable. ORTL cannot allege that RHEA favors secular objections to providing comprehensive reproductive coverage over religious ones. *See Stormans*, 794 F.3d at 1079 (quoting *Lukumi* at 545) ("[I]f a law pursues the government's interest 'only against conduct motivated by religious belief' but fails to include in its prohibitions substantial, comparable secular conduct that would similarly threaten the government's interest, then the law is not generally applicable."). Nor does RHEA have a system of individualized exemptions like those condemned in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), and *Foothill Church v. Watanabe*, 623 F. Supp. 3d 1079 (E.D. Cal. 2022).

Given that RHEA is neutral and generally applicable, it is subject to rational basis review, which the law easily satisfies. RHEA serves the legitimate interest to ensure that Oregonians have access to comprehensive reproductive health care regardless of their income … or insurance coverage…."[2] *See Stormans, Inc.*, 794 F.3d at 1084 ("safe and timely access" to medication, including Plan B, a rational basis).

Accordingly, ORTL fails to state a claim, and this suit should be dismissed in its entirety.

DATED November  6 , 2023.

                                                  Respectfully submitted,

                                                  ELLEN F. ROSENBLUM
                                                  Attorney General

                                                  *s/ Brian Simmonds Marshall*
                                                  BRIAN SIMMONDS MARSHALL #196129
                                                  Senior Assistant Attorney General
                                                  ALEX C. JONES #213898
                                                  Assistant Attorney General
                                                  Trial Attorneys
                                                  Tel (971) 673-1880
                                                  Brian.S.Marshall@doj.state.or.us
                                                  Alex.C.Jones@doj.state.or.us
                                                  Of Attorneys for Defendant

---

[2] Oregon Health Authority, House Bill 3391 Reproductive Health Equity Act: Report to the Legislature (Sept. 2018), at 1, available at https://www.oregon.gov/oha/PH/HEALTHYPEOPLEFAMILIES/REPRODUCTIVESEXUALHEALTH/Documents/RHEA/HB3391-Leg-Report.pdf

Page 3 -    DEFENDANT'S MOTION TO DISMISS
BM2/jt3/910428377
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000