UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

OREGON RIGHT TO LIFE,

                Plaintiff,

    vs.

ANDREW R. STOLFI, in his official
capacities as Department of Consumer and
Business Services Director and Oregon
Insurance Commissioner,

                Defendant.

_____

Case No. 6:23-cv-01282-MK
**FINDINGS AND
RECOMMENDATION**

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Oregon Right to Life ("Plaintiff") filed this action against Andrew R. Stolfi

("Defendant") in his official capacities as both Department of Consumer and Business Services

Director and Oregon Insurance Commissioner on September 5, 2023, alleging the Reproductive

Health Equity Act ("RHEA"), codified in ORS §§ 734A.066–067, violates Plaintiff's

constitutional rights to free religious exercise. Pl.'s Compl. ¶¶ 1, 56–98, ECF No. 1. Before the

Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

Page 1 — FINDINGS AND RECOMMENDATION

12(b)(6). Def.'s Mot. Dismiss 1–3, ECF No. 29. For the reasons below, Defendant's motion should be DENIED.

## BACKGROUND

For the purposes of this motion to dismiss, the following facts alleged by Plaintiff are assumed to be true.

Plaintiff is a nonprofit organization, which advocates against the use of abortifacient contraceptives, which Plaintiff defines as "any drug, device, or procedure" which prevents pregnancy after the sperm and egg "have united [and] a new human life begins," and "abortion except where the mother's life is in imminent danger." Compl. ¶¶ 19, 30–31. Plaintiff believes in "the sanctity of human life from the moment of conception until natural death," which it alleges includes a belief that "it is a grave religious and moral wrong to deliberately cooperate, facilitate, or otherwise participate in some meaningful way in the provision of abortion or abortifacient 'contraceptives.'" *Id.* at ¶ 34. Plaintiff alleges these beliefs "arise[] from Judeo-Christian religious beliefs . . . to which [Plaintiff] and those who control it subscribe." *Id.*

RHEA requires all health benefit plans in Oregon to "provide coverage" for abortion and "any contraceptive drug, device, or product approved by the United States Food and Drug Administration." ORS § 734A.067(2). Further, a health benefit plan "may not infringe upon an enrollee's choice of contraceptive drug, device, or product and may not require prior authorization." *Id.* § 734A.067(2)(j)(D).

RHEA provides three exceptions to the coverage requirements. First, health benefit plans are exempted from coverage "to the minimum extent necessary" if the "enforcement of this section may adversely affect the allocation of federal funds to the state." *Id.* § 734A.067(10). Second, religious employers may be exempted if they are an employer:

Page 2 — FINDINGS AND RECOMMENDATION

(a) [w]hose purpose is the inculcation of religious values;

(b) [t]hat primarily employs persons who share the religious tenets of the employer;

(c) [t]hat primarily services persons who share the religious tenets of the employer; and

(d) [t]hat is a nonprofit organization under section 6033(a)(3)(A)(i) or (iii) of the Internal Revenue Code.

*Id.* § 734A.066(4); *see Id.* § 734A.067(1)(e) ("'Religious employer' has the meaning given that term in ORS 743A.066."). Finally, RHEA contains a legacy clause that exempts some health plans from covering abortion if they "excluded abortion from coverage in all of its individual, small employer and large employer group plans during the 2017 plan year" — which was later amended to require legacy exempted plans to also have "a certificate of authority to transact insurance in this state issued by the Department of Consumer and Business Services." ORS § 734A.067(7)(e), *amended by* HB 2002, 82nd Or. Leg. Assemb., 2023 Reg. Sess. (Or. 2023).

Plaintiff alleges that Plaintiff both testified "against [RHEA] before two committees and ask[ed] for an exemption in the final legislation" before RHEA was enacted. Compl. ¶ 50; *see* Compl. ¶ 51 ("Colm Willis, testifying for [Plaintiff], explained that the Bill didn't protect [Plaintiff] though it violated [Plaintiff]'s deeply held beliefs."). Plaintiff alleges they cannot obtain a religious employer exemption under RHEA, because Plaintiff's "purpose is prolife advocacy, not inculcating religious values, and [because Plaintiff] doesn't primarily serve persons sharing its religious tenets." *Id.* at ¶ 8.

Under RHEA, Plaintiff has been forced to acquire an employee health benefit plan through Providence Health Plans ("PHP"), which is the only known entity exempted from abortion coverage under RHEA. *Id.* at ¶ 41–42. Plaintiff's plan with PHP covers abortifacient contraceptives and abortions if "there is a severe threat to the mother, or if the life of the fetus cannot be sustained." *Id.* at ¶ 42. Plaintiff objects to PHP's coverage and alleges it cannot obtain

Page 3 — FINDINGS AND RECOMMENDATION

a benefit plan aligning with its religious beliefs on abortion and abortifacient contraceptives due to RHEA. *Id.* at ¶ 43–44.

Plaintiff filed this action on September 5, 2023, alleging RHEA violates Plaintiff's rights to free religious exercise and seeking to be treated as a religious employer. *Id.* at ¶¶ 1, 56–98. Defendant then filed this Motion to Dismiss on November 6, 2023. Def.'s Mot. Dismiss 3. The Court heard oral argument regarding Defendant's Motion to Dismiss on March 6, 2024. ECF No. 41.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint, asserting that Plaintiff fails to

plausibly state a claim because RHEA is a neutral law of general applicability that is rationally

related to a legitimate governmental interest. Def.'s Mot. Dismiss 2–3. Plaintiff responds that

RHEA burdens Plaintiff's free exercise of religion and is neither neutral nor generally

applicable.[1] Pl.'s Resp. Def.'s Mot. Dismiss 1, ECF No. 36.

The Free Exercise Clause of the First Amendment, which applies to the states through the

Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the exercise

of religion." U.S. Const. amend. I; *Fulton v. City of Philadelphia*, 593 U.S. 522, 532 (2021). A

neutral and generally appliable law burdening religious exercise avoids strict scrutiny and must

be upheld if "it is rationally related to a legitimate governmental purpose." *Foothill Church v.*

---

[1] Plaintiff also asserts that Defendant "'essentially concedes' the as-applied" constitutional challenge by only making "facial-challenge argument." Pl.'s Resp. Def's Mot. Dismiss 2. However, the "distinction between facial and as-applied challenges is not so well defined that it has some automatic effect" and does not "always control the pleadings and disposition in every case involving a constitutional challenge." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010); *see also Los Angeles Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32, 44 (1999) (noting that majority and dissenting justices did not agree on whether constitutional challenge was as-applied or facial). Here, the Court finds that the distinction in analysis between a facial and an as-applied constitutional challenge does not need to be resolved to decide whether Plaintiff plausibly states a claim.

*Watanabe*, 623 F. Supp. 3d 1079, 1093 (E.D. Cal. 2022); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 685 (9th Cir. 2023) (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993)).

The Ninth Circuit has outlined "three bedrock requirements of the Free Exercise Clause that the government may not transgress, absent a showing that satisfies strict scrutiny." *Fellowship of Christian Athletes*, 82 F.4th at 686. In other words, a law is not neutral or generally applicable unless it meets all three bedrock requirements of the Free Exercise Clause. *Id.* First, a law is not neutral nor generally applicable if the law "invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." *Id.* at 687 (quoting *Fulton,* 593 U.S. at 1877). Second, a law is neither neutral nor generally applicable "whenever [the government] treat[s] any comparable secular activity more favorably than religious exercise." *Id.* at 688 (quoting *Tandon v. Newsom*, 593 U.S. 61, 62 (2021)). Two activities are comparable for this purpose based on "the asserted government interest that justifies the regulation at issue," especially concerning "the risks various activities pose." *Tandon*, 593 U.S. at 62. Third, a law is not neutral nor generally applicable if the government acts "in a manner 'hostile to . . . religious beliefs' or inconsistent with the Free Exercise Clause's bar on even 'subtle departures from neutrality.'" *Fellowship of Christian Athletes*, 82 F.4th at 686 (quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rts. Comm'n*, 584 U.S. 617, 638 (2018); *Church of Lukumi Babalu Aye, Inc.*, 508 U.S. at 543). To evaluate the third bedrock requirement, courts must "examine 'the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous statements

made by members of the decisionmaking body.'" *Id.* at 689 (quoting *Masterpiece Cakeshop, Ltd.*, 584 U.S. at 639).

"The failure to meet any of these requirements subjects a governmental regulation to review under strict scrutiny." *Id.* at 686. Under strict scrutiny, a law "must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest." *Church of Lukumi Babalu Aye, Inc.*, 508 U.S. at 531–32.

Defendant argues that Plaintiff's Complaint fails to state a claim under the Free Exercise Clause because RHEA is neutral and generally applicable, subject to rational basis review, and rationally related to Oregon's legitimate purpose "to ensure that 'Oregonians have access to comprehensive reproductive health care regardless of their income . . . or insurance coverage'" Def.'s Mot. Dismiss 3 (citing to Oregon Health Authority, *House Bill 3391 Reproductive Health Equity Act: Report to the Legislature* 1 (2018)).

Taking all factual allegations as true and drawing all reasonable inferences from the pleadings in the light most favorable to Plaintiff, Defendant's Motion to Dismiss should be denied.

Plaintiff's allegation that RHEA burdens its free exercise of religion by forcing it to provide insurance coverage for abortifacient contraceptives is plausible. Thus, the dispositive issue for the purpose of this motion is whether Plaintiff plausibly alleges that RHEA is not generally applicable or neutral.

Plaintiff asserts that RHEA is not generally applicable because it is underinclusive, evidenced by its (1) legacy exception; (2) narrow definition of religious employer; (3) formal mechanism for individualized exemptions to avoid loss of federal funding; and (4) exclusion of applicability to certain types of health plans. Compl. ¶¶ 81–84. Plaintiff further alleges that the

law's purpose is to expand access to basic reproductive health services for all Oregonians *Id.* at ¶ 79. Thus, Plaintiff has plausibly alleged that RHEA is not a law of general applicability because its numerous exemptions and exclusions undercut its purpose. *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 879–80, 884 (1990) (overarching test is whether law was "generally applicable" and "across-the-board").

Moreover, Plaintiff plausibly alleges that RHEA is not neutral. The legislature allegedly knew of Plaintiff's religious objections and that Plaintiff would be excluded from the definition of religious employer because Plaintiff testified against RHEA before two committees and asked for an exemption. Compl. ¶¶ 50–51. The legislature's definition of a "religious employer" is allegedly overly narrow, which indicates that its "decision to pick and choose among religious organizations" was not neutral, "favoring some and evidencing hostility to others." *Id.* at ¶¶ 75. Thus, Plaintiff sufficiently alleges facts that suggest that the Oregon legislature acted in a manner "inconsistent with the Free Exercise Clause's bar on even 'subtle departures from neutrality.'" *Fellowship of Christian Athletes*, 82 F.4th at 686 (quoting *Masterpiece Cakeshop, Ltd.*, 584 U.S. at 638); *see Starr*, 652 F.3d at 1216.

Plaintiff has adequately plead facts sufficient to show the legislature may have transgressed one of the "three bedrock requirements of the Free Exercise Clause" that triggers strict scrutiny. *Fellowship of Christian Athletes*, 82 F.4th at 686. Defendant conceded that it cannot put forth a compelling state interest sufficient to overcome strict scrutiny at this stage of the litigation.

## RECOMMENDATION

For the reasons above, Defendant's Motion to Dismiss (ECF No. 29) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 22nd day of March 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

Page 9 — FINDINGS AND RECOMMENDATION