IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

OREGON RIGHT TO LIFE,                                    Civ. No. 6:23-cv-01282-MK

                Plaintiff,                     **OPINION & ORDER**

      v.

ANDREW R. STOLFI, in his official
capacities as Department of Consumer
and Business Services Director and
Oregon Insurance Commissioner,

                Defendant.

_____

AIKEN, District Judge.

     This case comes before the Court on Plaintiff's Motion for Injunction Pending Appeal. ECF No. 55.

     Federal Rule of Civil Procedure 62(d) provides that, [w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing parties rights." Fed. R. Civ. P. 62(d). Although a notice of appeal will ordinarily divest a district court of jurisdiction over the matters being appealed, the district court "retains jurisdiction during the pendency of an appeal to

act to preserve the status quo." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

However, Rule 62 "does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and "[t]he district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (internal quotation marks and citation omitted). "Ultimately, FRCP 62(d) 'grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal.'" *Disability Right Oregon v. Hathi*, Case No. 3:02-cv-00339-AN, 2025 WL 2254020, at *1 (D. Or. Aug. 6, 2025) (quoting *Nat Res. Def. Council*, 242 F.3d at 1166).

Here, Plaintiff has purchased employer-sponsored health insurance that has included comprehensive contraceptive coverage since at least 2015. Compl. ¶¶ 40, 42 ECF No. 1; Opinion & Order, at 14. ECF No. 51. The statute at issue in this case was enacted in 2017. Opinion & Order, at 2. The Court denied Plaintiff's motion for an injunction in the first instance and the injunction Plaintiff seeks would materially alter the status quo on appeal. The requested injunction goes beyond the Court's jurisdiction to preserve the status quo during the pendency of the appeal. Plaintiff's motion for an injunction pending appeal is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Injunction Pending Appeal, ECF No. 55, is DENIED.

It is so ORDERED and DATED this ____14th____ day of October 2025.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge