Shawn Lindsay, OSB #020695
JURISLAW, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OREGON RIGHT TO LIFE**,<br><br>Plaintiff,<br><br>v.<br><br>**SEAN O'DAY**, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner,<br><br>Defendant. | Case No.: **6:23-cv-1282-MK**<br><br><br>**PLAINTIFF'S SECOND MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM OF LAW** |

## Motion

Under LR 7-1(a)(1), Oregon Right to Life ("**ORTL**") certifies that on January 20, 2026, the parties conferred via video-teleconference in a good faith effort to resolve the dispute and were unable to do so. Defendant's counsel stated Defendant opposes the present motion.

Following the Ninth Circuit's reversal of this Court's dismissal of the case and vacation of the Court's order denying a preliminary injunction, D. 62, ORTL has filed it supplemental brief concerning "whether Oregon's selective denial of a religious exemption to ORTL—whose beliefs about abortion . . . are religious and sincere—violates the First Amendment's Religion

**Page 1 – SECOND MOTION TO CONSOLIDATE**

Clauses," *id.* at 21–22. ORTL argues therein that *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025), completely and unavoidably vindicates ORTL's arguments that Oregon's Reproductive Health Equity Act (the "**Mandate**") burdens its sincerely held religious beliefs and free-exercise right by requiring ORTL to provide abortion and abortifacient coverage in its health-benefit plan against those beliefs and that the Mandate cannot survive strict scrutiny. Because this Court's denial of a preliminary injunction was vacated, ORTL's motion for a preliminary injunction remains pending. Accordingly, ORTL hereby moves to consolidate the hearing on ORTL's Motion for Preliminary Injunction with the trial on the merits of ORTL's Verified Complaint. FRCP 65(a)(2). In support, ORTL states as follows. LR 7-1(c).

## Memorandum

In short, consolidation should be granted for the same reasons ORTL stated in support of its [First] Motion to Consolidate, D. 13,[1] and because the additional litigation that has occurred since then makes this case even *more* ripe for consolidation now, as discussed in the following.

### I. Consolidation is permitted under FRCP 65(a)(2).

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." FRCP 65(a)(2). Consolidation serves the interests of judicial economy and preventing duplication of work. *C.R. of Rialto v. City of Rialto*, 964 F. Supp. 1401, 1405 (C.D. Cal. 1997). While the district court must "afford the parties a full opportunity to present their respective cases" by giving "clear and unambiguous notice" of intended consolidation, *Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988)

---

[1] The Court did not substantively address these arguments in its previous denial of consolidation.

**Page 2 – SECOND MOTION TO CONSOLIDATE**

(quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395), it has "very broad" discretion in whether to consolidate, *id.*, and "[a] decision to consolidate an action under Federal Rule of Civil Procedure 65(a)(2) is reviewed for abuse of discretion," *Slidewaters v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021), *cert. denied*, 142 S.Ct. 779 (2022).

Rule 65(a) consolidation is often used where the factual issues are limited (such as cases in which only declaratory and injunctive relief are sought), where factual concerns are unlikely to affect the court's ultimate decision, or where evidence that may be in dispute is readily available. *See, e.g.*, *Slidewaters*, 4 F.4th at 760 ("The issues raised by the complaint were legal. The central challenge was to [the government's] authority under Washington law. Resolving that challenge did not require additional factual development."); *C.R. of Rialto*, 964 F. Supp. at 1405 (city opposed consolidation, but "made no showing why it could not present admissible evidence" in the given time); *Brooks v. Centurion of Arizona*, No. CV-21-00265-TUC-JCH, 2022 WL 4535242, at *13 (D. Ariz. Sept. 28, 2022) (as complainant sought "only . . . injunctive and declaratory relief based on legal arguments . . . , a separate trial on the merits seem[ed] unnecessary."). As this case meets such criteria, consolidation should be granted, as established next.

## II. Consolidation should be granted in this case.

Consolidation serves important functions, including making case management efficient by eliminating needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and then a trial on the merits, "expedit[ing] the final disposition of the action." FRCP 65(a)(2) advisory committee's note to 1966 amendment. Consolidation is proper when "evidence received in connection with an application for a preliminary injunction which would be admissible on the trial on the merits forms part of the trial record." *Id.* As established next, consolidation under Rule 65(a)(2) should be granted in this case as it furthers those

**Page 3 – SECOND MOTION TO CONSOLIDATE**

important functions because (**A**) the facts about ORTL are verified, straightforward, and limited; (**B**) consolidation prevents needless repetition and promotes judicial efficiency; and (**C**) a decision on the merits will expedite resolution of this case.

**A.   The facts about ORTL are verified, straightforward, and limited.**

The facts about ORTL to be considered in deciding whether to grant declaratory and injunctive relief are verified, straightforward, and limited. ORTL verified the facts about itself, its health-benefit plan, its sincerely held religious beliefs, the substantial burden imposed thereon by the Mandate, and key legislative testimony regarding the Mandate in the Verified Complaint. Verified complaints are evidence. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The religiosity and sincerity of ORTL's beliefs has been affirmed on appeal. Opinion, D. 62. ORTL's facts stating a First Amendment Free Exercise claim are straightforward, paralleling free-exercise facts in recent cases where plaintiffs made similar, successful, free-exercise challenges such as *Foothill Church v. Watanabe*, 3 F.4th 1201 (9th Cir. 2021) and *Burwell v. Hobby Lobby Stores*, 573 U.S. 682 (2014) and now, of course, *Catholic Charities*. And since the claim is limited to declaratory and injunctive relief, based on legal arguments, the facts are similarly limited because there is no need to prove damages.

Legislative facts, such as the Mandate's terms and legislative history, are also straightforward and not reasonably subject to dispute. So this case doesn't turn on factual issues but on the legal issue of whether—*given* these facts and the case law—ORTL is entitled to requested relief because Oregon's Mandate violates its rights under federal Free Exercise Clause.

While the Director previously opposed consolidation on the basis of needed discovery, specifically referencing intent to depose ORTL's Executive Director, D. 20, 7, that occurred on October 3, 2023, D. 35, 54. And the primary factual issues at issue in that deposition—whether

**Page 4 – SECOND MOTION TO CONSOLIDATE**

ORTL's asserted beliefs are religious and sincere—have now been resolved. Accordingly, any need to obtain and evaluate discovery in this case has been satisfied.

**B.    Consolidation prevents needless repetition and promotes judicial efficiency.**

Consolidation here will advance the important functions of avoiding needless repetition and promoting judicial efficiency. The evidence used for the preliminary injunction is the same that will be used in deciding the merits. Given that the relevant facts about ORTL are verified, straightforward, and limited, Plaintiffs and Defendants will present the same facts at any hearing on the merits, and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. So consolidation will avoid needless evidence repetition and promote judicial efficiency. Of course judicial efficiency is also advanced by consolidation because likely merits success is the key factor in granting a preliminary injunction, *Am. Trucking Associations v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009), especially in the First Amendment context. So in deciding likely merits success on that issue, the Court will have essentially resolved the free-exercise issue on the merits, making doing so efficient.

Thus, all of the facts necessary to determine the merits of the Verified Complaint are, or will be, before the Court at the preliminary injunction hearing. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint prevents needless repetition and promotes judicial efficiency. The Director's previous argument that efficiency would not be served because he would have inadequate time to prepare "a full and vigorous defense" and would need additional time "to investigate the facts, evaluate Plaintiff's arguments, and prepare a defense," no longer has teeth. *See* D. 20, 7–9. Now that briefing on multiple motions, Rule 72 briefing, and appellate briefing has occurred, there can be no realistic need for further such research and preparation. Accordingly, consolidation is fully warranted at this stage.

**Page 5 – SECOND MOTION TO CONSOLIDATE**

**C.  A decision on the merits will expedite resolution of this case.**

Consolidation will also provide for an expeditious resolution of this case, thereby conserving judicial resources. Only one single constitutional question is at issue here. So deciding whether the Mandate's requirement that health-benefit plans cover abortion and abortifacients is unconstitutional as applied to ORTL will determine this matter. Accordingly, "[j]udicial economy would not be served if the [C]ourt declined to consolidate, and the parties were forced to duplicate their work by litigating these issues at a later trial." *C.R. of Rialto*, 964 F. Supp. at 1405.

Consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and preserve judicial resources.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (**1**) ORTL's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (**2**) the same evidence is relevant to ORTL's preliminary injunction and the merits, resulting in avoidance of needless repetition of evidence; and (**3**) it will expedite resolution of this case, preserving judicial resources. This Court should grant ORTL's Second Motion to Consolidate.

**WHEREFORE**, ORTL prays this Court to grant its motion to consolidate the hearing on ORTL's preliminary injunction motion with the hearing on the merits.

**Page 6 – SECOND MOTION TO CONSOLIDATE**

Dated: February 11, 2026

Shawn Lindsay, OSB #020695
JURISLAW, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., IN Bar #2838-84*
  jboppjr@aol.com

Richard E. Coleson, IN Bar #11527-70*
  rcoleson@bopplaw.com

Joseph D. Maughon, VA Bar #87799*
  jmaughon@bopplaw.com

THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
812.232.2434 telephone
812.235.3685 facsimile

*admitted *pro hac vice*
*Counsel for Plaintiff*