DAN RAYFIELD
Attorney General
BRIAN SIMMONDS MARSHALL  #196129
CHRISTINA L. BEATTY-WALTERS # 981634
Senior Assistant Attorneys General
ALEX C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Brian.S.Marshall@doj.oregon.gov
          Tina.BeattyWalters@doj.oregon.gov
          Alex.Jones@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON RIGHT TO LIFE,<br><br>        Plaintiff,<br><br>     v.<br><br>SEAN O'DAY, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner,<br><br>        Defendant. | Case No.  6:23-cv-01282-MK<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF REQUESTED |

## I.    INTRODUCTION

The Court granted summary judgment in favor of Plaintiff Oregon Right to Life's

(ORTL) as-applied challenge to the Reproductive Health Equity Act (RHEA). The Court has

Page 1 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
       REQUESTED
       BM2/jt3/ 1017718590

ordered the parties to provide supplemental briefing addressing the specific relief requested. This brief sets out Defendant's position on the relief that is appropriate given the Court's ruling on summary judgment.

This case is an as-applied challenge to specific requirements that RHEA imposes on the health benefit plans that insurers are allowed to offer or provide to ORTL. Accordingly, any relief that this Court grants should apply only to ORTL and its insurers, and it should be specifically directed at the type of health benefit plan that ORTL seeks to obtain. The relief should require DCBS to allow insurers to offer such a health benefit plan to ORTL, but not require DCBS to mandate insurers to do so. Such relief would mean that, in effect, ORTL will be "treat[ed] as 'religious employers' are treated" under RHEA, as ORTL requests. *See* Compl. ¶ 10, Prayer. Further, an injunction is not necessary, because a declaratory judgment limiting Defendant's authority to enforce RHEA's provisions against ORTL and its insurer would be sufficient to protect ORTL's interests and to afford complete relief for the constitutional violation alleged in the Complaint.

Each of these aspects of the relief is further explained below, along with proposed language for a declaratory judgment.

## II.    BACKGROUND

This case is an as-applied challenge to RHEA's requirement that health benefit plans provide coverage for abortion and contraceptives. Compl. ¶¶ 1–2. That requirement, which ORTL's Complaint describes as "the 'Mandate,'" is codified in ORS 743A.067(2) and (5). *See* Compl. ¶¶ 1–2; ORS 743A.067(2) ("A health benefit plan offered in this state must provide coverage for . . . (g) Abortion. . . . [and] (j) Any contraceptive drug, device or product approved by the United States Food and Drug Administration . . . ."); ORS 743A.067(5) ("This section does not exclude coverage for contraceptive drugs, devices or products prescribed by a provider, acting within the provider's scope of practice, for: (a) Reasons other than contraceptive purposes,

Page 2 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
           REQUESTED
           BM2/jt3/ 1017718590

such as decreasing the risk of ovarian cancer or eliminating symptoms of menopause; or

(b) Contraception that is necessary to preserve the life or health of an enrollee.").

ORTL claims that, under the Free Exercise Clause of the First Amendment, RHEA "is unconstitutional as applied to ORTL." Compl. ¶ 98. ORTL claims that RHEA's requirements impose a substantial burden on ORTL's exercise of its religious beliefs. Compl. ¶ 61. Specifically, ORTL alleges that its religious beliefs forbid it from providing health insurance coverage for abortion or for "'contraceptives' that can act as abortifacients, i.e., (a) Plan B (levenorgestrel), (b) Ella (ulipristal acetate), (c) copper IUDs (like ParaGard), and (d) IUDs with progestin—or any comparable 'contraceptives' of the same type and chemical makeup that can also act as abortifacients." Compl. ¶¶ 52–53, 57.

ORTL's Complaint prays for the following relief:

> "1. Declaratory judgment that the Mandate's requirement that health-benefit plans cover abortion and abortifacient 'contraceptives' is unconstitutional as applied to ORTL;
> 2. Preliminary and permanent injunctions ordering Defendants to treat ORTL as 'religious employers' are treated, Bill § 2(9) [(ORS 743A.067(9))], enjoining Defendants from enforcing the Mandate against ORTL or any insurer in any way differently than for 'religious employers,' and direct any present or future ORTL health-benefit plan provider to accommodate ORTL's religious beliefs;
> 3. Attorneys' fees, costs, and expenses to which ORTL may be entitled to law, including under 42 U.S.C. § 1988; and
> 4. Any other relief the Court deems just and proper."

Complaint, Prayer.

ORTL filed a Motion for Preliminary Injunction, seeking the same relief requested in the Complaint. Mot. for PI at 35 (ECF #11 at 40). The Court denied the Motion for Preliminary Injunction. PI Opinion & Order (ECF #51). The Ninth Circuit Court of Appeals vacated the denial of the preliminary injunction. *Or. Right to Life v. Stolfi*, 158 F.4th 1013, 1016 (9th Cir. 2025). The Ninth Circuit concluded that ORTL's beliefs are religious and sincerely held and remanded the case to the District Court to determine whether RHEA's application to ORTL

Page 3 -   DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
        REQUESTED
        BM2/jt3/ 1017718590

violated the First Amendment, in light of the Supreme Court's intervening *Catholic Charities* decision. *Id.* at 1016, 1024; *see Catholic Charities Bureau, Inc. v. Wis. Labor & Indus. Review Comm'n*, 605 U.S. 238 (2025).

The parties filed supplemental briefing on whether the Court should grant ORTL's requested preliminary injunction and how *Catholic Charities* applies to this case. *See* Plaintiff's Supplemental Brief (ECF #69); Defendant's Supplemental Brief (ECF #81); Plaintiff's Reply in Support of Supplemental Brief (ECF #85). ORTL also moved to consolidate the preliminary injunction hearing with the hearing on the merits. Plaintiff's Second Motion to Consolidate (ECF #70).

At a hearing on April 14, 2026, the Court converted ORTL's Motion for Preliminary Injunction to a motion for summary judgment and granted the motion. (ECF #86). The Court ordered the parties to provide supplemental briefing addressing the specific relief requested. (ECF #86).

## III.    ARGUMENT

### A.    Proposed Declaratory Judgment

Defendant proposes that the Court enter a declaratory judgment with the following or similar language:

1. As applied to Oregon Right to Life (ORTL), and as applied to any insurer that offers or provides a health benefit plan to ORTL, the Reproductive Health Equity Act (RHEA), codified at ORS 743A.066–.077, violates ORTL's rights under the Free Exercise Clause of the First Amendment to the U.S. Constitution, to the extent that any provision of RHEA requires a health benefit plan to cover abortion or the following types of contraceptives: Plan B (levonorgestrel), Ella (ulipristal acetate), copper intrauterine devices (such as ParaGard), intrauterine devices with progestin, or any comparable substance or device of the same type and chemical makeup as those listed here.

Page 4 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
             REQUESTED
             BM2/jt3/ 1017718590

2. To the extent that any provision of RHEA requires a health benefit plan to cover abortion or the types of contraceptives listed above, the State cannot lawfully enforce that requirement against ORTL and cannot lawfully enforce that requirement against any insurer for offering or providing a health benefit plan to ORTL that excludes such abortion or contraceptive coverage.

In the alternative, Defendant requests that any relief that this Court grants reflect the following aspects of this proposed language:

- The relief should apply only to ORTL and its insurers.
- The relief should be specific to health benefit plans that exclude coverage for abortion and for the contraceptives to which ORTL objects.
- The relief should allow, but not require, insurers to offer ORTL health benefit plans that exclude coverage for abortion and contraceptives.
- The relief should take the form of a declaratory judgment, without an injunction.

Each of the above aspects is further explained below.

**B.** **The relief should apply only to Plaintiff and to insurers who offer health benefit plans to plaintiff.**

Any relief that this Court grants should be directed specifically at RHEA's application to ORTL and to insurers that offer or provide health benefit plans to ORTL. The relief should not extend to any other employers or their insurers. Limiting the relief to ORTL and its insurer(s) is appropriate given the as-applied nature of ORTL's claim, and because such relief would be sufficient to grant complete relief to ORTL.

ORTL's claim is "an as-applied . . . challenge." Compl. ¶ 1. "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular . . . activity, even though the law may be capable of valid application to others." *Project Veritas v. Schmidt*, 125 F.4th 929, 939–40 (9th Cir. 2025). "While a successful challenge to the facial constitutionality of a law invalidates the law itself, a successful as-applied challenge invalidates only the particular

Page 5 -   DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
              REQUESTED

application of the law." *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1175 (9th Cir. 2018) (internal quotation marks omitted). Here, ORTL claims that RHEA's abortion and contraceptive coverage requirements are "unconstitutional as applied to ORTL." Compl. ¶ 98. ORTL does not claim that the challenged provisions of RHEA are unconstitutional on their face.[1] Accordingly, any relief granted should be directed at "only the particular application of the law" to ORTL. *See Becerra*, 878 F.3d 1175.

Further, such targeted relief would reflect that the outcome of this case depended in part on the factual question of whether ORTL held the asserted religious beliefs. Determining whether a particular employer, as an organization, holds particular religious beliefs will not always be a straightforward inquiry with a self-evident answer, as illustrated by the contrasting conclusions of the District Court and the Ninth Circuit in this case. The fact-dependent nature of such determinations is another reason that broad relief would be inappropriate here, especially if the Court enters an injunction, which would subject Defendant to potential contempt citations for misjudging whether a particular organization holds particular religious beliefs. *See* Fed. R. Civ. Proc. 65(d)(1) ("Every order granting an injunction . . . must[] state its terms specifically[] and . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."); *Vasquez Perdomo v. Noem*, 148 F.4th 656, 679 (9th Cir. 2025) ("Rule [65(d)] was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.").

Limiting the relief to ORTL and its insurers would be sufficient to grant complete relief to ORTL. As the Supreme Court has explained, "[n]either declaratory nor injunctive relief . . . can directly interfere with enforcement of contested statutes or ordinances except with respect to

---

[1] Indeed, ORTL itself has repeatedly argued that this is not a facial challenge. *See, e.g.*, Plaintiff's Resp. to Mot. to Dismiss (ECF #36) at 2 (arguing that "[t]he Mandate's *facial* constitutionality was *not* the issue . . ."); Plaintiff's Resp. to Defs.' Rule 72 Objections (ECF #49) at 8–9; Plaintiffs' Reply in Support of Supp. Brief (ECF #85) at 19–20.

Page 6 -   DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
       REQUESTED
         BM2/jt3/ 1017718590

the particular federal plaintiffs." *Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025) (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). "The equitable tradition has long embraced the rule that courts generally may administer complete relief *between the parties*." *Id.* at 851 (internal quotation marks omitted; emphasis in original). Under that "complete-relief principle," the question is not whether a remedy will "offer[] complete relief to *everyone* potentially affected by an allegedly unlawful act"; rather, it is whether the remedy "will offer complete relief *to the plaintiffs before the court*." *Id.* at 852 (emphasis in original). Here, ORTL is the only plaintiff before the Court. Extending relief to cover anyone other than ORTL (and insurers offering or providing health benefit plans to ORTL) "would not render [ORTL's] relief any more complete." *See id.* at 853.

## C.    The relief should be specific to health benefit plans that exclude coverage for abortion and the types of contraceptives specified in the Complaint.

Any relief that this Court grants should be limited to allowing ORTL to obtain (and allowing insurers to offer to ORTL) health benefit plans that exclude coverage for "abortion" and "'contraceptives' that can act as abortifacients," as those terms are used in ORTL's Complaint. *See* Compl. ¶¶ 52–53. The relief should not extend to exempting ORTL or its insurers from any other coverage requirements or any other applicable requirements imposed by RHEA.

Relief that is specifically directed at RHEA's coverage requirements for abortion and contraceptives would be sufficient to grant ORTL complete relief from the violation of ORTL's free-exercise rights as alleged in the Complaint. The Complaint alleges that ORTL objects on religious grounds to providing coverage for "abortion," including coverage for "'contraceptives' that can act as abortifacients." Compl. ¶¶ 52–53. The Complaint specifically defines "abortion" for purposes of ORTL's religious objection and describes the types of "contraceptives" that fall within that objection. Compl. ¶¶ 52–53. ORTL's Prayer for Relief seeks a declaratory judgment specifically directed at RHEA's requirement for coverage of "abortion and abortifacient 'contraceptives.'" Compl., Prayer. The Complaint does not allege that any other requirements

Page 7 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
            REQUESTED
            BM2/jt3/ 1017718590

under RHEA are unconstitutional or burden ORTL's free exercise of religion. Accordingly, any relief that this Court grants should be limited to allowing ORTL to obtain (and allowing insurers to offer to ORTL) health benefit plans that exclude coverage for abortion and for the types of contraceptives specified in ORTL's Complaint.

**D.      The relief should allow, but not require, insurers to offer ORTL a health benefit plan that excludes the coverage to which ORTL objects.**

Plaintiff requests that the Court order DCBS to "direct any present or future ORTL health-benefit plan provider to accommodate ORTL's religious beliefs." Compl., Prayer; Mot. for PI at 35 (ECF #11 at 40). Such an order would go beyond what is necessary to provide Plaintiff with complete relief. Instead, any relief that the Court grants should be limited to *allowing* insurers to offer, and allowing ORTL to obtain, a health benefit plan that excludes the abortion and contraceptive coverage to which ORTL objects.

An order requiring Defendant to direct insurers to offer ORTL specific types of health benefit plans would go beyond what is necessary to provide ORTL with complete relief for the alleged constitutional violation. ORTL has not alleged or shown that Defendant has violated ORTL's rights by refusing to direct insurers to provide ORTL with a particular health benefit plan. Nor has ORTL alleged or shown that insurers would be unwilling to offer a health benefit plan that excludes abortion or contraceptives. Rather, ORTL's claim is that RHEA burdens ORTL's free exercise of religion by *requiring* insurers to include abortion and contraceptive coverage. Compl. ¶¶ 1–2, 61; *see* ORS 743A.067(2), (5). Exempting ORTL and its potential insurers from that requirement would eliminate that burden. That would mean allowing ORTL to obtain, and allowing insurers to offer, health benefit plans that exclude the abortion and contraceptive coverage to which ORTL objects.

Allowing, but not requiring, insurers to offer such health benefit plans would be consistent with how "religious employers" are treated under RHEA. *See* ORS 743A.067(9). RHEA does not empower DCBS to instruct insurers to offer health benefit plans at all, let alone

Page 8 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
            REQUESTED
BM2/jt3/ 1017718590

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

to require them to provide religious employers with plans that exclude abortion or contraceptive coverage. Rather, RHEA's religious-employer exemption provides that "[a]n insurer *may* offer" such health benefit plans to religious employers. ORS 743A.067(9) (emphasis added). Thus, if ORTL were a "religious employer," insurers would be allowed, but not required, to offer ORTL health benefit plans that exclude the abortion and contraceptive coverage to which ORTL objects. ORTL identifies no authority empowering DCBS to require insurers to provide such a plan.

Accordingly, any relief that the Court grants should be limited to ensuring that ORTL is *allowed* to obtain a health benefit plan that excludes the coverage to which ORTL objects, and that insurers are *allowed* to offer and provide such health benefit plans to ORTL. Such a result could be effected by a declaration that limits Defendant's authority to enforce RHEA's requirements against ORTL or an insurer that offers or provides a health benefit plan that accommodates ORTL's religious objections. That result would amount to "treat[ing] ORTL as 'religious employers' are treated," as ORTL requests. *See* Compl., Prayer.

**E.      The Court should issue a declaratory judgment but not an injunction.**

ORTL seeks both declaratory and injunctive relief. Compl., Prayer. An injunction would be unnecessary, because a declaratory judgment would be sufficient to protect ORTL's interests.

"An injunction is an 'extraordinary remedy never awarded as of right.'" *Edmo v. Corizon, Inc.,* 935 F.3d 757, 784 (9th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008)). "At the conclusion of a successful federal challenge to a state statute or local ordinance, a district court can generally protect th[e] interests of a federal plaintiff by entering a declaratory judgment, and therefore the stronger injunctive medicine will be unnecessary." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975).

Further, "[a]s a general rule, past wrongs are not enough for the grant of an injunction; instead, an injunction will only issue if the wrongs are ongoing or likely to recur." *Fed. Trade Comm'n*, 969 F.3d 974, 1005 (9th Cir. 2020) (cleaned up). Here, the "wrong" that ORTL seeks

Page 9 -    DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
            REQUESTED

to avoid is State enforcement action against ORTL or its insurer. ORTL has not alleged or shown that Defendant or any other State official has taken any enforcement action against ORTL or its insurer, or that any State official has threatened to take enforcement action. If this Court were to enter a declaratory judgment stating that Defendant cannot lawfully enforce certain provisions of RHEA against ORTL or its insurer, there is nothing in the record to indicate that Defendant would not abide by that judgment. *See Calderon Jimenez v. Nielsen*, 399 F. Supp. 3d 1, 2 (D. Mass. 2018) ("[A] court may find that a declaratory judgment was and remains justified, but that an injunction is not necessary or appropriate because the government has represented that it will obey the law as declared by the court in the future.").

## IV.    CONCLUSION

Defendant respectfully requests that any relief that this Court grants either reflect Defendant's proposed language for a declaratory judgment or reflect the aspects of that proposed relief as explained above.

DATED April 28, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Alexander C. Jones*
BRIAN SIMMONDS MARSHALL #196129
CHRISTINA L. BEATTY-WALTERS # 981634
Senior Assistant Attorneys General
ALEX C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.oregon.gov
Tina.BeattyWalters@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Of Attorneys for Defendants

Page 10 -  DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING THE SPECIFIC RELIEF
        REQUESTED
BM2/jt3/ 1017718590