Shawn Lindsay, OSB #020695
JURISLAW, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OREGON RIGHT TO LIFE**, <br> Plaintiff, <br> v. <br><br> **SEAN O'DAY**, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner, <br> Defendant. | Case No.: **6:23-cv-1282-MTK** <br><br> **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES** |

**Local Rule 7-1 Certificate**

Plaintiff Oregon Right to Life ("**ORTL**"), through its undersigned counsel of record, certifies pursuant to Local Rule 7-1 that it has conferred through telephonic/video conference in good faith with counsel for Defendant to resolve this motion. Defendant opposes the amount of fees plaintiff requests in this motion. Defendant requests an extension of time to respond to the motion to August 26 to allow the parties to continue to confer on plaintiff's motion. Plaintiff does not object to this extension.

**Page 1 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

**Motion**

Pursuant to F. R. Civ. P. 54(d)(2) and 9th Circuit Rules 39-1.6 & 39-1.8, Plaintiff ORTL moves this Court for an award of attorneys's fees, costs and expenses for the work of its attorneys before this Court and on appeal. In support of this motion, and as more fully developed below, Plaintiff states as follows:

Plaintiff filed suit under 42 U.S.C. § 1983 to prevent deprivation of its First Amendment rights to free exercise of religion. Federal law, specifically 42 U.S.C. § 1988, provides that a court may award to a prevailing party reasonable costs, expenses and attorneys' fees resulting from the litigation of this case. Alternatively, to the extent that any expense is deemed more appropriately charged as a cost under 28 U.S.C. § 1920, Plaintiff claims costs under that statute as well.

Plaintiff ORTL filed suit on September 5, 2023 challenging the insurance-coverage mandate of Oregon's Reproductive Health Equity Act (the "**Mandate**") on the basis that it violated ORTL's constitutional rights to free exercise. *Or. Right to Life v. O'Day*, No. 6:23-cv-01282, 2026 U.S. Dist. LEXIS 145769, at *2-3 (D. Or. July 1, 2026). ORTL's complaint sought declaratory judgment, preliminary and permanent injunctive relief, *id.* at *3, and attorney's fees, costs, and expenses under 42 U.S.C. § 1988. *See* Verified Complaint, *Or. Right to Life*, No. 6:23-cv-01282, D.1, *Prayer for Relief* ¶ 3 (September 5, 2023). On September 12, 2023, ORTL moved to consolidate the hearing on the motion for preliminary injunction with a trial on the merits of its complaint.

After expedited discovery, full briefing on preliminary injunction, consolidation, and Defendant's motion to dismiss, the District Court denied preliminary injunction and dismissed the case, entering judgment on September 30, 2024. *Or. Right To Life v. Stolfi*, No.

**Page 2 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

6:23-cv-01282-MK, 2024 U.S. Dist. LEXIS 177083, at *3 (D. Or. Sep. 30, 2024). Plaintiff ORTL appealed on October 29, 2024.

After completing briefing, ORTL requested and was granted a brief continuance of oral argument, and the Court of Appeals ordered supplemental briefing addressing the impact of *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, 605 U.S. 238 (2025). The parties filed supplemental briefs on June 13, 2025, and the appeal was argued on June 17, 2025.

On October 31, 2025, the Court of Appeals reversed the order dismissing the complaint, and vacated the order denying preliminary injunction. *Or. Right to Life v. Stolfi*, 158 F.4th 1013 (9th Cir. 2025). The Court of Appeals held that ORTL has sincere, religious objections to the challenged statute and remanded with instructions to apply *Cath. Charities Bureau, Inc. v. Wisconsin Lab. & Indus. Rev. Comm'n*, 605 U.S. 238 (2025) to the facts of the case and "further proceedings consistent with this opinion." 158 F.4th at 1024.

On remand, ORTL maintained its motion for a preliminary injunction and filed a second motion to consolidate the preliminary injunction hearing with a trial on the merits. At oral argument on the motion for preliminary injunction, this Court "converted it into a Motion for Summary Judgment by agreement of the parties, granted the motion, and ordered supplemental briefing on the appropriate remedy." *Or. Right to Life v. O'Day*, No. 6:23-cv-01282, 2026 U.S. Dist. LEXIS 145769, at *3-4 (D. Or. July 1, 2026).

The District Court's order granting summary judgment to ORTL declared that the Mandate is unconstitutional as applied to ORTL. *Id.* at *20 ("declaratory judgment . . . settles the legal dispute at issue in this case and affords Plaintiff relief from RHEA's statutory scheme."). The judgment, entered on July 8, is an enforceable judgment that materially alters the legal

**Page 3 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

relationship between the parties, deeming ORTL a prevailing party within the meaning of 42 U.S.C. § 1988, making ORTL eligible for attorney's fees here and on appeal.[1]

Accordingly, and as fully explained below, ORTL requests the following attorney's fees, costs, and expenses:

(a) For the work of The Bopp Law Firm, P.C. ("**BLF**") before this Court, attorney's fees in the amount of $498,981.50 and costs and expenses in the amount of $7461.99, *see* Declaration of James Bopp, Jr. (July 22, 2026), Exhibit A, p. 30, *id.* Exhibit B, p. 3, for a total of $506,443.49 for work before this Court;

(b) For the work of BLF before the United States Court of Appeals for the Ninth Circuit, attorney's fees in the amount of $90,900.30 and costs and expenses in the amount of $4952.95, Bopp Decl., Exhibit C, p. 5, *id.* Exhibit D, p. 1, for a total of $95,853.25 for work before the appellate court;

(c) For the work of local counsel Shawn Lindsay and JurisLawyer ("**JL**"), attorney's fees in the amount of $21,945.50, and costs and expenses in the amount of $1094.90, Declaration of Shawn Lindsay (July 21, 2026), Exhibit 1, pp. 19, 20, for a total of $23,040.40.

The total of fees, costs, and expenses ORTL requests for the work of its attorneys before this Court and the Court of Appeals in securing a declaratory judgment that the Religious Employer Exemption of the Reproductive Health Equity Act, ORS §§ 743A.066-067, is unconstitutional as applied to ORTL, is $625,337.14.

---

[1]Where, as here, the merits of claims are later resolved on remand, "the district court should entertain [the] petition for an award of attorney fees [for the appeal] . . . ." *Sosa v. Hiraoka*, 920 F.2d 1451, 1461(9th Cir. 1990) 1461. Accordingly, ORTL requested and the Ninth Circuit granted an unopposed request to transfer consideration of appellate attorney's fees to this Court. *Oregon Right to Life v. O'Day*, No. 24-6650 Text Order (9th Cir. July 13, 2026).

**Page 4 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

**Memorandum**

**I. As a Prevailing Party in this Litigation, ORTL Is Entitled to its
Reasonable Attorney's Fees and Expenses.**

Title 42 U.S.C. § 1988(b) provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title . . ., the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs." A claimant "must be a 'prevailing party' to recover an attorney's fee," and "[i]t remains for the district court to determine what fee is 'reasonable'" based on evidence submitted by the claimant "supporting the hours worked and the rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A prevailing party is a civil rights plaintiff obtaining actual relief on the merits of his claim which "'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115,1118 (9th Cir. 2000) (citation omitted). ORTL has prevailed by obtaining an enforceable judgment. "In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Id.*

A prevailing party obtaining actual relief on the merits of his claim is, in effect, entitled to an award of attorney's fees under § 1988. *Hensley*, 461 U.S. at 429 ("a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render [it] unjust."). "[I]n civil rights cases, the district court's discretion is limited." *Fischer*, 214 F.3d at 1119 n.2; *accord Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (stating that in civil rights cases, "fee awards should be the rule rather than the exception.").

**Page 5 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

After the Court of Appeals overturned dismissal and remanded, this Court ultimately entered judgment in favor of ORTL. "[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage," *Corder v. Brown*, 25 F.3d 833, 841 (9th Cir.1994), and ORTL is entitled to attorney's fees for the work prior to its appeal and for the appeal.

### II. Federal Courts Employ the Lodestar Calculation to Determine Appropriate Attorneys' Fees Under § 1988.

Applicants bear the burden of proving a reasonable attorneys' fee, *Hensley*, 461 U.S. at 437, that is, the amount to which they are entitled. *Id*. The Supreme Court has adopted the lodestar as the measure of the reasonable fee to which a prevailing party is entitled under § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 560 (1992) ("The lodestar figure has . . . become the guiding light of our fee-shifting jurisprudence."). The lodestar figure "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; see also *Fischer*, 214 F.3d at 1119 (citing *Hensley*), *Schwartz v. Secretary of Health & Human Services*, 73 F.3d 895, 901 (9th Cir. 1995) (citing *Hensley*).

"[W]hen the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee . . . ." *Blum v. Stenson*, 465 U.S. 866, 897 (1984); *see also City of Burlington*, 505 U.S. at 562 (noting "a 'strong presumption' that the lodestar represents the 'reasonable fee.'").

### A. ORTL Requests Fees for Hours Reasonably Expended on the Litigation.

To determine the the number of hours reasonably expended on the litigation—applicants "should submit evidence supporting the hours worked . . . ." *Hensley*, 461 U.S. at 433. An applicant, however, "is not required to record in great detail how each minute of his time was

**Page 6 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

expended." *Id.* at 437 n.12. He need only "identify the general subject matter of his time expenditure." *Id.* ORTL fulfills these obligations with the accompanying documents in support of this Motion, specifically, billing statements, Exhibits A-D to the Declaration of James Bopp Jr. and Exhibit 1 to the Declaration of Shawn Lindsay. These records show the hours actually worked and expenses actually expended on this case and also reflect the adjustments ORTL's attorneys have made to them in requesting a reasonable award.

Fee applicants should exercise "billing judgment," *Hensley*, 461 U.S. at 437. In this regard, "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434. ORTL's counsel has made a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* On the other hand, the "calculation of fees for prevailing civil rights plaintiffs is to be the same as in traditional fee arrangements and . . . all reasonable time spent is to be compensated," in order to "vindicate[ ] the purpose of [§ 1988] to encourage and ensure private enforcement of civil rights laws." *Suzuki v. Yuen*, 678 F.2d 761,764 (9th Cir. 1982).

ORTL's attorneys have exercised billing judgment in a good-faith review of their own billing records to exclude excessive, redundant, or otherwise unnecessary hours; BLF has eliminated approximately 164.8 hours from the total time spent before this Court and on appeal for these reasons,[2] Bopp Decl. ¶ 13, and local counsel "reviewed each of the entries . . . to ensure billing judgment was exercised," editing or removing "entries that were duplicative, excessive, or otherwise unnecessary." Lindsay Decl. ¶ 6.

---

[2] Each line of the BLF billing statements list gross and adjusted amounts of time or units of expense. In addition, unadjusted totals are at the top right and last line of the billing statements, and the time records list total gross hours and net adjusted hours in the "Total" line near the bottom of the statement.

**Page 7 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

**B. The Second Prong of the Lodestar Calculation Is Established by Determining the Reasonable Hourly Rate to Which Attorneys Are Entitled for Their Services.**

The second prong of the lodestar calculation requires that the court determine the attorney's reasonable hourly rate. Counsel for ORTL has used the Oregon State Bar Economic Survey, using as a benchmark the rates for the Lower Willamette Valley. *See* Exhibit 2 to Lindsay Decl. Mr. Lindsay requests rates commensurate with the range for attorneys with 21-30 years of experience. Lindsay Decl. ¶ 11. Attorneys at BLF request rates based on the benchmark for years and level of experience and accounting for inflation. Bopp Decl. ¶¶ 10-11.

### III. A Prevailing Party Is Entitled to Recover Reasonable Costs and Expenses as Well as Attorneys' Fees.

A § 1988 award of a "'reasonable attorney's fee' include[s] the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services," including "[r]easonable . . . , paralegal expenses, and travel and telephone costs." *Thornberry v. Delta AirLines, Inc.*, 676 F.2d 1240, 1244 (9th Cir. 1982), *vacated on other grounds*, 461 U.S. 952(1983). *See also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 (9th Cir. 1986) ("out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988"), *amended on other grounds*, 808 F.2d 1373, (9th Cir. 1987). Also, "a prevailing party in a civil rights action is normally entitled to costs under 28 U.S.C.§ 1920" in addition to those "fees and expenses allowed under § 1988." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).[3] The costs claimed by ORTL's attorneys are fully compensable under either or both of these statutes. Plaintiff has asked for those expenses that are

---

[3]*See also* Faubion v. City of Pineville, No. CV-00-976-HU, 2001 U.S. Dist. LEXIS 19678, at *26 n7 (D. Or. Nov. 7, 2001) (considering costs under section 1920 as section 1988 expenses and denying as moot a separate cost bill).

**Page 8 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

normally charged to fee paying clients, and the necessity of each expense is explained either where it is described or by reference to the work done by the attorney on the same date.

### IV. ORTL Is Entitled to Attorneys' Fees and Expenses for Preparing the Fee Petition.

"'The law is well established . . . when fees are available to the prevailing party, that party may also be awarded fees on fees, i.e., the reasonable expenses incurred in the recovery of its original costs and fees.'" *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990) (citation omitted); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("'In statutory fee cases, federal courts . . . have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.'" (citation omitted)).

Here, Plaintiff's counsel have spent approximately 10.8 hours preparing the fee petition and supporting documents thus far.[4] Bopp Decl. Exhibit A p.30. ORTL will seek fees for any remaining work its counsel may expend before the Court on behalf of this Motion.

### Conclusion

Because of the paramount role of the freedom of religion in our republican democracy, the vindication of First Amendment rights is inherently valuable, not only to the litigant, but to society as a whole. ORTL has prevailed on its claim by securing a declaratory judgment that the Religious Employer Exemption of the Reproductive Health Equity Act, ORS §§ 743A.066-067, is unconstitutional as applied to ORTL. ORTL's attorneys request compensation for the hours reasonably expended on the litigation, have established reasonable hourly rates for its attorneys, and have appropriately reduced time in billing judgment. The Court should therefore award ORTL the attorneys' fees, costs, and expenses as set forth above.

---

[4]ORTL's counsel spent an additional 6.6 hours securing the grant of transfer of consideration of appellate attorney's fees under Ninth Circuit Rule 39-1.8. *See* Bopp Decl. Exhibit C at 05 (entries between 7/3/2026 and 7/13/2026).

**Page 9 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**

Dated: July 22, 2026

Shawn Lindsay, OSB #020695
JURISLAW, LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: 503.968.1475
shawn@jurislawyer.com
*Attorney for Plaintiff*

Respectfully submitted,

/s/ James Bopp, Jr.

James Bopp, Jr., IN Bar #2838-84*
 jboppjr@aol.com

Richard E. Coleson, IN Bar #11527-70*
 rcoleson@bopplaw.com

Joseph D. Maughon, VA Bar #87799*
 jmaughon@bopplaw.com

THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
812.232.2434 telephone
812.235.3685 facsimile
*admitted pro hac vice
*Counsel for Plaintiff*

**Page 10 - ORTL's Motion for Attorney's Fees, Costs, and Expenses**