DAN RAYFIELD
Attorney General
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
ALEX C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Brian.S.Marshall@doj.oregon.gov
Alex.Jones@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

OREGON RIGHT TO LIFE,

Plaintiff,

v.

SEAN O'DAY, in his official capacities as Department of Consumer and Business Services Director and Oregon Insurance Commissioner,

Defendant.

Case No. 6:23-cv-01282-MTK

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

## I. INTRODUCTION

ORTL’s Supplemental Motion (ECF 103) seeks fees, costs, and expenses incurred on and after July 22, 2026, in addition to the prior fees, costs, and expenses requested in ORTL’s earlier Motion for Attorney’s Fees (ECF 91). To the extent that ORTL’s Supplemental Motion incorporates or reiterates its earlier Motion, the State incorporates by reference the objections

stated in the State's earlier Response (ECF 100). To the extent that the Supplemental Motion seeks fees, costs, and expenses incurred on or after July 22, 2026, many of the State's earlier objections apply to the new request as well, as explained below. The State respectfully asks this Court to exercise its discretion to substantially reduce the requested fees sought or to deny ORTL's supplemental request in its entirety if ORTL's decision to litigate yields them no more fees than had they accepted the State's reasonable offer.

## II. LEGAL STANDARDS

This Court has "'[c]onsiderable discretion'" in determining the reasonableness of a fee award. *Doad v. C.R. England, Inc.*, 667 F. Supp. 3d 1096, 1100 (D. Or. 2023) (quoting *Webb v. Ada Cnty.*, 195 F.3d 524, 526–27 (9th Cir. 1999)). The starting point for determining a reasonable attorney's fee is the "lodestar" figure, which is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993).

To determine the "reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount," courts look to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (citation modified). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Key Bank N.A. v. Van Noy*, 598 F. Supp. 2d 1160, 1163 (D. Or. 2009) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)).

## III. ARGUMENT

### A. ORTL's hourly rate enhancement for Mr. Bopp is unjustified.

The State opposes ORTL's requested hourly rates for the reasons stated in the State's earlier Response. (ECF 100 at 3–4.) ORTL's supplemental request seeks fees only for work done



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

by Mr. Bopp and Mr. Gallant. (ECF 104-1 at 1–2 (listing fees for work done by James Bopp, Jr. and Jeffrey Gallant, as well as an adjusted total of $0.00 for work done by Joseph Maughon).)

As relevant to ORTL's supplemental request, the State opposes the requested hourly rate enhancement for Mr. Bopp. As in ORTL's earlier Motion, the Supplemental Motion seeks a rate at the top of the market (95th percentile, the highest reported rate) for Mr. Bopp. That rate premium is unjustified for the reasons explained in the State's earlier Response. (ECF 100 at 4–5.) "The party requesting fees has the burden of producing satisfactory evidence, *in addition to the affidavits of its counsel*, that the requested rates are in step with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Strugari v. Sagamore Ins.*., No. 3:20-cv-00956-SB, 2023 WL 3002442, at *8 (D. Or. Apr. 19, 2023) (quoting *Beck v. Metro. Prop. & Cas. Ins.*, No. 3:13-cv-00879-AC, 2016 WL 4978411, at *20 (D. Or. Sept. 16, 2016)) (emphasis added).

ORTL's Supplemental Motion, like its earlier Motion, relies on counsel's own declarations. ORTL presents no third-party evidence showing that it is entitled to the 95th percentile rate for work performed by Mr. Bopp. The State therefore requests that the hourly rate for work performed by Mr. Bopp be reduced to the median rate for attorneys with over 30 years of experience. For work performed since July 22, 2026, that rate would be $389 (the median rate for attorneys with over 30 years of experience ($325), adjusted for inflation since December 2021). (*See* ECF 100-1 at 1.)

**B. Legal research charges are not chargeable.**

ORTL's supplemental request, like their earlier request, charges expenses for computer-assisted legal research. In the Ninth Circuit, charges for computerized research are recoverable *only* "if separate billing for such expenses is the prevailing practice in the local community." *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins.*, 460 F.3d 1253, 1256, 1258–59 (9th Cir. 2006). As with ORTL's earlier Motion, ORTL has not shown that



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

it is the currently prevailing practice in Oregon to separately bill for such costs. (ECF 100 at 10–11.) The State therefore asks the Court to exclude those expenses.

**C. Fees on Fees**

As with ORTL's earlier Motion, if the State prevails on the contested issues in the Supplemental Motion, the "fees on fees" claimed by ORTL should be reduced accordingly. *See* *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990)) ("Fees for fee litigation are excludable . . . '*to the extent* that the applicant ultimately fails to prevail in such litigation.'"). This is particularly so given that ORTL produced its time and expense records to the State only two days before filing its initial Motion, leaving no opportunity to resolve the fee petition by agreement. Declaration of Brian S. Marshall ¶ 4, Att. 2 at 1–3; *see generally* L.R. 7-1. Months before the motion was filed, defense counsel requested "that the plaintiffs [] meaningfully confer with us regarding the amount of such fees before taking on the burden of preparing and filing a formal motion. In our experience, we are often able to resolve such issues without motions practice." Declaration of Brian S. Marshall, Att. 1 at 1. Given that fee litigation may have been avoided entirely by good faith negotiation, the fees on fees requested for briefing these motions were not "reasonably necessary." *See* *Jordan*, 815 F.2d at 1263 n.8 ("The fee claimant must show that the time spent was reasonably necessary and that its counsel made a good faith effort to exclude from [the] fee request hours that are excessive, redundant, *or otherwise unnecessary*.") (emphasis added; internal quotation marks omitted).

**D. Offer of Judgment**

On August 27, 2026, the State made an offer of judgment to ORTL pursuant to Rule 68 of the Federal Rules of Civil Procedure. ORTL has not accepted that offer. Under Rule 68(d), if the amount ultimately awarded to ORTL for fees incurred before the date of the offer is no greater than what ORTL would have received by accepting the offer, ORTL will not be entitled to recover any fees incurred after that date.



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"[A]ttorney's fees in a [42 U.S.C.] § 1983 suit 'are subject to the cost-shifting provision of Rule 68.'" *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2002) (quoting *Marek v. Chesney*, 473 U.S. 1, 9 (1985)). Under that Rule, "[w]hen one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment." Fed. R. Civ. P. 68(c). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

In determining whether Rule 68(d) applies here, the first step will be to determine how much to award ORTL for fees incurred up to August 27, 2026. Once that amount is determined, the Court can then compare that amount with the offer of judgment, in order to determine whether ORTL is entitled to any fees incurred after the offer date. *See* *Solomon v. Onyx Acceptance Corp.*, 222 F.R.D. 418, 422 (C.D. Cal. 2004) ("[I]n order to compare the two figures to determine whether the cost-shifting provision of Rule 68 applies, the Court must determine an amount of reasonable attorneys' fees and costs incurred as of the date of the offer of judgment.").

The amount of the offer of judgment has no bearing on the initial determination of fees incurred before the offer date. Once the Court has made that initial determination, only then will the terms and amount of the offer become relevant to determining whether ORTL is entitled to fees incurred after the offer date. For that reason, and to allow the Court to make an independent initial determination of ORTL's pre-offer fees, the State has not submitted the offer of judgment, or the amount of that offer, to the Court.

The State therefore requests that the Court first adjudicate ORTL's entitlement to fees up to August 27, 2026. The State further requests that, after the Court determines the fee amount for the pre-offer period, the Court grant the State an opportunity to submit the offer of judgment to the Court in order to inform the determination of any fees for the post-offer period.



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## IV. CONCLUSION

The fees awarded to ORTL under 42 U.S.C. § 1988 should be reduced as detailed above and as detailed in Defendant's Response to Plaintiff's Motion for Attorney's Fees, Costs, and Expenses (ECF 100). Given the multiple overlapping deficiencies in ORTL's initial petition and supplemental petition, the Court should sustain the State's objections to both of those petitions and order the parties to jointly submit corrected calculations of the amount of the fee award under the Court's opinion.

Given the State's submission of an offer of judgment on August 27, 2026, the Court should first determine the amount of fees to which ORTL is entitled for the period up to that date and then grant the State an opportunity to submit the offer of judgment to the Court to inform the determination of the fee award, if any, for the period after August 27, 2026.

DATED October 6, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Brian Simmonds Marshall*
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
ALEX C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Of Attorneys for Defendants



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000